UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANNYE T. MCINTOSH, | ) |
| Petitioner, | ) |
| v. | ) No. 1:16-cv-00769-JMS-TAB |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
And Denying Certificate of Appealability**

The Seventh Circuit authorized Petitioner Dannye McIntosh to bring a second or successive motion to vacate under 28 U.S.C. § 2255 in order to challenge his sentence based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court appointed counsel for the petitioner, but the petitioner's counsel eventually withdrew. The Court then ordered Mr. McIntosh to show cause why his challenge to the determination that he was a career offender under the United States Sentencing Guidelines ("USSG" or "Guidelines")) was not foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017). Mr. McIntosh filed a *pro se* brief arguing that *Beckles* does not foreclose his claim. The respondent filed a response brief and Mr. McIntosh replied. For the reasons stated below, Mr. McIntosh's motion to vacate under § 2255 is **denied**.

**I.**

The Court begins with *Johnson*. The Seventh Circuit summarized *Johnson*'s holding as follows:

> *Johnson* holds that part of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutional. . . . The statute defines some of these categories and adds a kicker in clause (ii), which

classifies as a violent felony any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another". The part of clause (ii) that begins "or otherwise involves" is known as the residual clause. *Johnson* holds that the residual clause is unconstitutionally vague.

*Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). Although a similar residual clause appears in the career offender provision, USSG § 4B1.2(a)(2), the Supreme Court in *Beckles* held that "that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." 137 S. Ct. at 890. And the Guidelines have been advisory since the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

The parties both acknowledge that Mr. McIntosh was sentenced in March 2006 under the career-offender provision, which means he was sentenced post-*Booker* when the Guidelines were advisory. *See United States v. Black*, 2007 WL 959411 (7th Cir. Mar. 30, 2007) (discussing, in the petitioner's direct appeal, his challenge to his sentence under the career-offender provision). Despite the holding in *Beckles* that vagueness challenges to the advisory Guidelines are unavailable, Mr. McIntosh maintains that he can still challenge his career-offender sentence because Seventh Circuit precedent rendered career-offender sentences mandatory until the Seventh Circuit's decision in *United States v. Corner*, 589 F.3d 411 (7th Cir. 2010) (en banc).

The Seventh Circuit recently rejected almost the exact argument advanced by Mr. McIntosh here. *See Perry v. United States*, --- F.3d ----, 2017 WL 6379634 (7th Cir. Dec. 14, 2017). In *Perry*, the petitioner argued that the Seventh Circuit's decisions in *United States v. Harris*, 536 F.3d 798 (7th Cir. 2008), and *United States v. Welton*, 583 F.3d 494 (7th Cir. 2009), made the career-offender provision mandatory, despite the Supreme Court's holding in *Booker*. It was not until the Seventh Circuit's decision in *Corner*, the petitioner in *Perry* argued, that the career-offender provision was truly advisory.

This argument was rejected on two independent grounds. First, the Seventh Circuit noted that the short-lived holdings of *Harris* and *Welton*—decided in 2008 and 2009—could not have impacted the petitioner's sentencing in 2007. *Perry*, 2017 WL 6379634, at *3. The same is true here, as Mr. McIntosh was sentenced in 2006.

Second, the Seventh Circuit reasoned that even if a defendant was sentenced when *Welton* was binding precedent, the *Perry* petitioner's argument would still fail because "[n]o mistaken circuit court decision could alter the legal force of *Booker*. Once the Supreme Court declared the guidelines advisory, they remained advisory notwithstanding some erroneous applications in the district and circuit courts." *Id.* The avenue for relief post-*Booker* if a defendant thought he was erroneously sentenced under a mandatory enhancement was to raise that challenge on direct appeal, just as "[t]he defendants in *Harris*, *Welton*, and *Corner*" did "to correct perceived legal errors in sentencing." *Id.* The same is true for Mr. McIntosh who filed a direct appeal challenging his sentence, but did not argue that his career-offender enhancement was mandatorily applied. *See Black*, 2007 WL 959411, at *4.

The Seventh Circuit in *Perry* concluded that "[b]ecause the guidelines were and remained advisory at the time of [the petitioner's] sentencing [in 2007], his vagueness challenge to the career offender guideline fails as applied at his sentencing." 2017 WL 6379634, at *3. If this was true for the petitioner in *Perry*, it is equally true for Mr. McIntosh who was sentenced in 2006. Accordingly, because *Perry* makes clear that Mr. McIntosh's theory of why *Beckles* does not foreclose his challenge to his career-offender enhancement lacks merit, Mr. McIntosh's claim is foreclosed by *Beckles*.

## II.

Mr. McIntosh's motion to vacate under 28 U.S.C. § 2255 is **denied** for the reasons explained above. Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 1:05-cr-00119-JMS-TAB-3.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/27/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana


Distribution:

DANNYE T. MCINTOSH
05361-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov