UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:05-cr-00119-JMS-TAB-03 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DANNYE MCINTOSH | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05-cr-00119-JMS-TAB |
| | ) | |
| DANNYE MCINTOSH, | ) -03 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Dannye McIntosh, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. McIntosh's motion is **denied**.

**I. Background**

In 2005, a jury found Mr. McIntosh guilty of one count of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§841(a)(1) and 846, and one count of possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§841 (a)(1)(b)(1)(viii), 846, and 851. Dkt. 1. During the course of the prosecution, the United States filed an information under 21 U.S.C. § 851 alleging that Mr. McIntosh had previously been convicted of a felony drug offense, thus triggering enhanced penalties. Dkt. 1. The Court ultimately sentenced Mr. McIntosh to concurrent terms of 360 months of imprisonment on counts 1 and 2. Dkt. 1. The Court also imposed an 8-year term of supervised release.

Mr. McIntosh initially filed his motion for compassionate release pro se. Dkt. 29. The Court appointed counsel, and counsel filed a brief in support of Mr. McIntosh's motion. Dkt. 41. In his submissions, Mr. McIntosh argues that he establishes extraordinary and compelling reasons for

compassionate release because (1) after the passage of the First Step Act, he would face a lower mandatory minimum pursuant to 21 U.S.C. § 851(a)(1); and (2) in light of the 2016 amendments to the United States Sentencing Guidelines and recent Supreme Court jurisprudence, he would no longer be classified as a career offender based on his prior convictions. The United States filed an opposition brief, dkt. 48, and Mr. McIntosh did not file a reply. Thus, the motion is now ripe.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Neither of Mr. McIntosh's reasons for requesting compassionate release are persuasive. Non-retroactive changes in sentencing law—such as the change to § 841—are not extraordinary and compelling reasons for compassionate release, whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Carr*, No. 21-

3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release."). Moreover, with regard to whether his prior conviction would still subject him to enhanced penalties or qualify him as a career offender under the sentencing guidelines, rather than "circumvent the normal process for challenging potential sentencing errors," a defendant must raise any challenge to his original sentence in a direct appeal or collaterally through 28 U.S.C. § 2255, not by way of a compassionate-release motion. *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021); *see also United States v. Consuegra-Rojas*, No. 21-2606, 2022 WL 356375, at *2 (7th Cir. Feb. 7, 2022) (finding that a compassionate release motion is not the appropriate vehicle for an argument that post-sentencing caselaw invalidating a relevant guidelines application note would lower a defendant's guidelines range if sentenced today).

Given the determination that Mr. McIntosh has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. McIntosh's motion for compassionate release, dkt. [29], is **denied.**

**IT IS SO ORDERED.**

Date: 7/12/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel